# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 14-10198-EFM

MICHAEL L. SHELTON,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Michael L. Shelton's Motion to File Successive 28 U.S.C. 2255 (Doc. 85) and Motion to Appoint Counsel (Doc. 86). For the following reasons, the Court dismisses Shelton's successive § 2255 Motion for lack of jurisdiction and denies Shelton's Motion to Appoint Counsel.

### I.    Factual and Procedural Background

In October 2014, Michael Shelton was driving by himself when he was pulled over by law enforcement for speeding. The officer initiating the stop smelled burnt marijuana coming from inside Shelton's vehicle, resulting in a search of the vehicle that revealed methamphetamine, heroin, and a stolen firearm. Based on the findings of the search, Shelton was indicted in federal court on seven counts relating to his possession of drugs, possession of a stolen firearm, and being a felon in possession of a firearm. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),

Shelton pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

After entering his guilty plea but before he was sentenced, Shelton filed a motion withdraw his plea and a motion to suppress. This Court conducted a hearing on Shelton's motions and denied them both. On January 11, 2016, the Court sentenced Shelton to 120 months in prison. The Court's order denying Shelton's motion to withdraw the plea was affirmed on direct appeal by the Tenth Circuit.

After his unsuccessful direct appeal, Shelton filed a motion to collaterally attack his sentence under 28 U.S.C. § 2255. Specifically, Shelton argued that his sentence was unconstitutional based on the Supreme Court's recent decision in *Johnson v. United States*, where the Supreme Court struck down part of the Armed Career Criminal Act's ("ACCA") definition of "violent felony"—the portion known as the residual clause—for being unconstitutionally vague. Shelton argued that his base offense level was erroneously increased based on a provision in the Federal Sentencing Guidelines that mirrors the ACCA's unconstitutional residual clause. Accordingly, Shelton urged the Court to apply *Johnson*'s reasoning to the Federal Sentencing Guidelines and vacate his sentence for being founded on an unconstitutionally vague provision.

After Shelton filed his § 2255 Motion, the Supreme Court issued its opinion in *Beckles v. United States*. In that case, the Supreme Court held that the advisory Federal Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Because *Beckles* foreclosed the relief Shelton was seeking, this Court dismissed Shelton's § 2255 Motion.

On May 14, 2018, Shelton filed this Motion in which he requests the Court appoint him counsel "due to the unconstitutional substantive Due Process violations and deprivation of rights,

that occur[r]ed and unlawfully enhanced Defendant's sentence . . . ." Shelton also requests "permission to file a successive [§] 2255 since [his] original one was dismissed due to the ruling in Beckles v. United States." Although Shelton provided a single document with both requests, his document was docketed as two separate motions: a motion to file a successive § 2255 motion and a motion to appoint counsel. The Government argues in response that Shelton is bringing an unauthorized successive § 2255 claim, that his claim is time barred, and that his claim is in violation of his plea agreement, where he waived his right to collaterally attack his sentence.

## II. Legal Standard

Under 28 U.S.C. § 2255(a),

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> the judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner

---

[1] 28 U.S.C. § 2255(b).

must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

### III. Analysis

**A. Successive § 2255 Motion**

Shelton is, for the second time, seeking relief under 28 U.S.C. § 2255. Although Shelton entitled his petition as a "Motion for Appointment of Counsel," it is the relief sought not the pleading's title that determines whether it is a § 2255 Motion.[4] Shelton is challenging the legality of his sentence under the Fifth and Sixth Amendment and therefore the Court will construe Shelton's Motion as a § 2255 motion. To bring a second or successive § 2255 petition, Shelton must first seek authorization from the Tenth Circuit Court of Appeals.[5] Because Shelton has not received such authorization, this Court lacks jurisdiction to consider Shelton's Motion.[6]

---

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *see also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.").

[5] 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

[6] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (holding that district court has no jurisdiction to decide unauthorized second or successive § 2255 claims).

When a prisoner bringing a § 2255 motion fails to obtain the proper authorization, the Court may—as an alternative to dismissing for lack of jurisdiction—transfer the motion to the Tenth Circuit.[7] A transfer to the Tenth Circuit is appropriate if the Court "determines it is in the interest of justice to do so under [28 U.S.C.] § 1631." A transfer is not in the interest of justice where "there is no risk that a meritorious successive claim will be lost" absent the transfer.[8]

Shelton's claim is wholly without merit, so the interest of justice does not warrant transferring Shelton's claim to the Tenth Circuit. Before the Tenth Circuit will authorize a second or successive § 2255 claim, a panel of the Circuit must determine that the motion contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[9] Shelton's Motion falls into the second category, as Shelton relies on the Supreme Court's decision in *Sessions v. Dimaya*.[10] However, *Dimaya*, does nothing to undermine the validity of Shelton's sentence.

The reason Shelton's reliance on *Dimaya* is misplaced requires an understanding of why his original § 2255 claim was dismissed. In his prior petition, Shelton argued that his sentence was illegal because his base offense level was calculated using unconstitutionally vague provisions in the Federal Sentencing Guidelines. Shelton's base offense level was determined using U.S.S.G. § 2K2.1. Because Shelton had two prior convictions that classified as crimes of violence,

---

[7] *Id.* at 1252.

[8] *United States v. Romero*, 676 F. App'x 795, 797 (10th Cir. 2017) (citing *Cline*, 531 F.3d at 1251).

[9] § 2255(h)(1)–(2).

[10] 138 S. Ct. 1204 (2018).

-5-

§ 2K2.1 placed Shelton at a base offense level of 24. A "crime of violence" is defined in § 4B1.2 of the Guidelines. At the time of Shelton's sentencing, § 4B1.2 defined a "crime of violence" as:

> (a) . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[11]

The final clause in § 4B1.2(a)(2) is known as "the residual clause" of the Guidelines.

In 2015, in *Johnson v. United States*,[12] the Supreme Court ruled that certain language in the ACCA—a clause identical to the Guidelines' residual clause—violated "the Constitution's prohibition of vague criminal laws."[13] The ACCA's clause, which is also referred to as "the residual clause," provided "little guidance on how to determine whether a given offense 'involves conduct that presents a serious potential risk of physical injury.' "[14] Accordingly:

> The *Johnson* Court held the residual clause [of the ACCA] unconstitutional under the void-for-vagueness doctrine . . . . The void-for-vagueness doctrine prohibits the government from imposing sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson* determined that the residual clause could not be reconciled with that prohibition.[15]

---

[11] U.S.S.G. § 4B1.2 (2014).

[12] 135 S. Ct. 2551 (2015) (emphasis added).

[13] *Id.* at 2555.

[14] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (discussing *Johnson*).

[15] *Id.* at 1261–62 (internal citation omitted).

In 2016, in *Welch*, the Supreme Court held that *Johnson* announced a substantive rule that applied retroactively to collaterally challenged sentences.[16]

Here, Shelton argued in his original § 2255 Motion that *Johnson*'s rationale should be applied to the residual clause in the Guidelines. After Shelton filed his Motion, however, the Supreme Court issued its opinion in *Beckles v. United States*.[17] Like Shelton, the petitioner in *Beckles* relied on *Johnson* to argue that the Guidelines' residual clause in § 4B1.2(a) was unconstitutionally vague. The Supreme Court rejected this argument, holding that § 4B1.2(a) is not unconstitutionally vague because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause."[18] Because *Beckles* considered and rejected the line of reasoning Shelton relied upon in his original § 2255 Motion, this Court dismissed that claim.

Shelton, in his present Motion, directs the Court to consider *Sessions v. Dimaya*.[19] Shelton provides no specific arguments regarding the *Dimaya* Court's rationale; rather, he appears to rely on his unfamiliarity with the case as a basis to appoint him counsel. But appointing Shelton counsel would not change the fact that *Dimaya* offers Shelton no relief. In *Dimaya*, the Supreme Court considered a *Johnson*-type challenge to a definition in the Immigration and Nationality Act ("INA") that was similarly worded to the ACCA's residual clause. The *Dimaya* Court agreed that the INA's definition suffered from the same defects as the ACCA's residual clause and struck

---

[16] *Id.* at 1265.

[17] 137 S. Ct. 886 (2017).

[18] *Id.* at 895.

[19] 138 S. Ct. 1204 (2018).

down that portion of the INA.[20] But *Dimaya* does not even address, much less undermine, the Supreme Court's holding in *Beckles*. The Guidelines remain unsusceptible to a challenge under the void-for-vagueness doctrine. Thus, Shelton's second § 2255 would fail for the same reason as his first, and it would not serve the interests of justice to transfer his Motion to the Tenth Circuit. Shelton's Motion is therefore dismissed for lack of jurisdiction.

**B.     Appointment of Counsel**

Shelton also requests the Court appoint him counsel to assist in challenging the legality of his sentence. Shelton argues that the Court should grant this request "due to the unconstitutional substantive Due Process violations and deprivation of rights, that occur[r]ed and unlawfully enhanced Defendant's sentence . . . ." Shelton also requests the assistance of counsel in light of the Supreme Court's *Dimaya* opinion. The decision to appoint counsel is a matter within the Court's discretion.[21] The Tenth Circuit held that a district court did not abuse its discretion in denying a request for counsel "given the patently successive nature of [the defendant's] § 2255 motion."[22] Here, the Court likewise finds it unnecessary to appoint Shelton counsel considering the successive and meritless nature of his § 2255 Motion.

**C.     Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the defendant. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a

---

[20] *Id.* at 1215–16.

[21] *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) ("The decision to appoint counsel is left to the sound discretion of the district court.").

[22] *United States v. Page*, 636 F. App'x 447, 450 (10th Cir. 2016) (citing *Enberg*, 265 F.3d at 1122).

constitutional right."[23]  A defendant satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[24]  For the reasons explained above, Shelton has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Shelton's Motion to File Successive 28 U.S.C. 2255 Motion (Doc. 85) is **DISMISSED FOR LACK OF JURISDICTION.**

**IT IS FURTHER ORDERED** that Shelton's Motion to Appoint Counsel (Doc. 86) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[24] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).