IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  *Plaintiff,*

vs.              Case No. 14-10198-01-EFM

MICHAEL SHELTON,

  *Defendant.*

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Defendant Michael Shelton's "Motion to Receive First Step Act Earned-Time Credits" (Doc. 91). He requests that the Court grant him earned time credits under the First Step Act. The government asserts that Defendant's motion should be dismissed because Defendant brought the motion in the wrong district and did not exhaust administrative remedies. For those reasons, and as explained below, the Court dismisses Defendant's motion.

  On June 22, 2015, Defendant pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On January 11, 2016, Defendant was sentenced to 120 months' imprisonment. Defendant is currently incarcerated at the Federal Transfer Facility in Oklahoma City, Oklahoma.

Defendant filed his motion on June 3, 2022. His motion seeks earned time credits under the First Step Act. Because Defendant is challenging the execution of his sentence, or computation of good time credits, such a motion must be filed as a habeas motion pursuant to 28 U.S.C. § 2241.[1] A § 2241 petition must be brought in the district where the prisoner is confined.[2] Defendant is incarcerated at the Federal Transfer Facility in Oklahoma City, Oklahoma, in the Western District of Oklahoma. Thus, he should have filed a motion in that district, and this Court lacks jurisdiction over his motion. In addition, the Court notes that prior to filing a habeas corpus petition under 28 U.S.C. § 2241, a prisoner must exhaust available administrative remedies.[3] There is no indication that Defendant did so.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Receive First Step Act Earned-Time Credits" (Doc. 91) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. Morgan*, 2019 WL 2208155, at *1 (D. Kan. 2019) (collecting cases); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (noting that a § 2241 petition challenges the execution of a sentence, "such as deprivation of good-time credits").

[2] *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citation omitted); *see also Morgan*, 2019 WL 2208155, at *1.

[3] *Randolph v. Hudson*, 2022 WL 1909051, at *1 (D. Kan. 2022) (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).